WEI HONG HU, Plaintiff, v MOHAMMED F. SADIQI et al., Appellants, and AAE HOLDINGS, INC., Respondent. [921 NYS2d 133]—

In an action for a judgment declaring the rights and obligations of the parties with respect to the sale of real property pursuant to a right of first refusal contained in a lease, the defendants Mohammed F. Sadiqi and Unique Dollar Store, Inc., appeal from an order of the Supreme Court, Queens County (Kitzes, J.), entered October 9, 2009, which denied their motion to restore the action to the trial calendar and granted the cross motion of the defendant AAE Holdings, Inc., to dismiss their cross claims pursuant to CPLR 3126.

Ordered that the order is affirmed, with costs.

The defendants Mohammed F. Sadiqi and Unique Dollar Store, Inc. (hereinafter together the tenants), rented certain real property (hereinafter the premises) from the defendant AAE Holdings, Inc. (hereinafter AAE), pursuant to a 10-year lease commencing October 1, 2004 (hereinafter the lease). The lease gave the tenants the right of first refusal if AAE decided to sell the premises. The plaintiff purchased the premises in January 2006 for the sum of $1.7 million. The tenants objected to the sale, and the plaintiff commenced this action on March 16, 2006, seeking a judgment declaring the rights and obligations of the parties under the right of first refusal.

In its answer, AAE alleged, inter alia, that the tenants, in breach of the covenants and terms of the lease, had assigned the premises to a third party in September 2005, and issued an insufficient funds check for rent in January 2006 and, accord-

ingly, had "waived and forfeited all rights" under the lease. In their answer, the tenants asserted cross claims against AAE, seeking at least $5 million in damages on causes of action alleging fraud and breach of contract. In February 2007 AAE served discovery demands upon the tenants.

In an order dated May 31, 2007, the Supreme Court directed all parties to complete outstanding discovery by June 30, 2007. That order (hereinafter the conditional order of preclusion) also recited that "[a]ny party who fails to comply shall be precluded from offering evidence or testifying at the time of trial."

On June 19, 2007, the tenants changed counsel. On July 11, 2007, AAE's counsel forwarded copies of its outstanding discovery demands to the tenants' new attorney. Thereafter, all parties stipulated to mark the matter off the trial calendar, and agreed the matter could be restored by stipulation or motion.

On May 27, 2009, the tenants moved to restore the action to the trial calendar. AAE cross-moved pursuant to CPLR 3216 to dismiss the tenants' cross claims with prejudice, based on the tenants' failure to comply with the conditional order of preclusion. On July 14, 2009, the tenants finally responded to AAE's discovery demands. In an order dated October 5, 2009, the Supreme Court denied the tenants' motion to restore the action to the trial calendar, and granted AAE's cross motion to dismiss the tenants' cross claims against it. The tenants appeal.

The Supreme Court properly granted AAE's cross motion to dismiss the tenants' cross claims against it. A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74 [2010]; *Zouev v City of New York*, 32 AD3d 850 [2006]). If the party fails to produce the discovery by the specified date, the conditional order becomes absolute (*see Zouev v City of New York*, 32 AD3d 850 [2006]). To be relieved of the adverse impact of the order, the defaulting party must demonstrate a reasonable excuse for its failure to produce the requested items by the court-ordered deadline and the existence of a potentially meritorious defense or claim (*id.*; *see also Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 196 [2001]).

In order to establish that their cross claims against AAE were meritorious, the tenants were required to demonstrate that they were ready, willing, and able to purchase the premises pursuant to the right of first refusal (*see Cipriano v Glen Cove Lodge # 1458, B.P.O.E.*, 1 NY3d 53, 61 [2003]). However, in his affidavit of merit, Sadiqi stated only that he had invested heavily in the premises. He failed to state that the tenants were actu-

ally ready, willing, and able to purchase the premises, and failed to refute AAE's allegations that the tenants were in default of the lease at the time the plaintiff purchased the premises and thereby waived and forfeited all their rights under the lease (*see Schultz v Ljungqvist*, 1 AD3d 498, 499 [2003]). Likewise, the Supreme Court properly found that the tenants failed to demonstrate a reasonable excuse for their default. The tenants' attorney stated that he was unaware of the conditional order of preclusion because the tenants' prior attorneys had failed to inform him of it. However, "bare allegations of incompetence on the part of prior counsel" are insufficient to excuse a default (*Spatz v Bajramoski*, 214 AD2d 436, 436 [1995]; *see also Huggins v Parkset Supply, Ltd.*, 24 AD3d 610, 611 [2005]; *Beale v Yepes*, 309 AD2d 886 [2003]) and, in any event, the record contains no evidence that the tenants' new attorney attempted to review the status of the case when he was substituted.

Since the conditional order of preclusion precluded the tenants from offering any evidence or testimony at trial, they would be unable to establish a prima facie case on their cross claims. Accordingly, the Supreme Court properly granted AAE's motion to dismiss the tenants' cross claims (*see e.g. Koslosky v Khorramian*, 31 AD3d 716 [2006]; *Gavrielatos v Vienna Hotel*, 31 AD3d 496 [2006]; *Echevarria v Pathmark Stores, Inc.*, 7 AD3d 750, 751 [2004]; *Clissuras v Concord Vil. Owners*, 233 AD2d 475 [1996]).

The tenants' remaining contentions either are without merit or have been rendered academic. Skelos, J.P., Eng, Austin and Cohen, JJ., concur.