■ ARCHER CAPITAL FUND, L.P., Respondent, v GEL, LLC, et al., Appellants, et al., Defendants. [944 NYS2d 179]—

In an action, inter alia, to foreclose a mortgage, the defendants GEL, LLC, GRL, LLC, Eagle Realty, LLC, Emmanuel Lambrakis, George Lambrakis, Gregory Lambrakis, and Alexander Lambrakis appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered November 5, 2010, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint, for the appointment of a referee to compute the amount due to the plaintiff, and for leave to seek a deficiency judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

Archer Capital Fund, L.P. (hereinafter Archer), commenced this action to foreclose a mortgage given to it by the defendants GEL, LLC, GRL, LLC, and Eagle Realty, LLC (hereinafter collectively Eagle), and to enforce a guarantee by the defendants Emmanuel Lambrakis, George Lambrakis, and Gregory Lambrakis (hereinafter collectively the Lambrakis defendants).

Archer moved for summary judgment on the complaint. The Supreme Court granted the motion, relying, in part, on a conditional order of preclusion barring the appellants from introducing evidence supporting their defenses and counter-claims.

Archer established its prima facie entitlement to judgment as a matter of law (*see Petra CRE CDO 2007-1, Ltd. v 160 Jamaica Owners, LLC*, 73 AD3d 883, 884 [2010]). With respect to the foreclosure cause of action, Archer submitted the mortgage and the unpaid note and evidence that Eagle defaulted (*id.*; *see Wells Fargo Bank v Das Karla*, 71 AD3d 1006 [2010]; *Capstone Bus. Credit, LLC v Imperia Family Realty, LLC*, 70 AD3d 882, 883 [2010]; *Neighborhood Hous. Servs. of N.Y. City, Inc. v Meltzer*, 67 AD3d 872, 873 [2009]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576 [2006]). With respect to the cause of action for a deficiency judgment based upon the Lambrakis defendants' guarantee, Archer produced the underlying agreements and evidence of Eagle's default (*see North Fork Bank Corp. v Graphic Forms Assoc., Inc.*, 36 AD3d 676 [2007]; *E.D.S. Sec. Sys. v Allyn*, 262 AD2d 351 [1999]; *Federal Deposit Ins. Corp. v 7 A.M. to 11 P.M. Delicatessen*, 251 AD2d 620 [1998]).

In opposition, the appellants failed to raise a triable issue of fact (*see JPMCC 2007-CIBC19 Bronx Apts., LLC v Fordham Fulton LLC*, 84 AD3d 613 [2011]; *Petra CRE CDO 2007-1, Ltd. v 160 Jamaica Owners, LLC*, 73 AD3d at 884; *North Fork Bank v Computerized Quality Separation Corp.*, 62 AD3d 973, 974 [2009]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576 [2006]). The appellants were barred from submitting evidence sufficient to defeat Archer's prima facie showing because the conditional order of preclusion became absolute upon the appellants' noncompliance with its terms (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 79 [2010]; *Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827, 830 [2008]; *Wei Hong Hu v Sadiqi*, 83 AD3d 820, 821 [2011]; *Alphonse v UBJ Inc.*, 266 AD2d 171 [1999]). In seeking to be relieved from the consequences of that noncompliance, the appellants failed to demonstrate a reasonable excuse for such noncompliance, and the existence of a potentially meritorious claim or defense (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d at 79; *see Wei Hong Hu v Sadiqi*, 83 AD3d at 821; *Nurse v Figeroux & Assoc.*, 47 AD3d 778 [2008]; *Alphonse v UBJ Inc.*, 266 AD2d at 171). Specifically, the appellants failed to adequately explain and document their claim of law office failure (*see Campbell-Jarvis v Alves*, 68 AD3d 701, 702 [2009]; *cf. Nurse v Figeroux & Assoc.*, 47 AD3d at 779). Under the circumstances, any alleged negligence by the appel-

lants' former attorney was properly imputed to the appellants because of their failure to ascertain the status of the case (*see Diamond Truck Leasing Corp. v Cross Country Ins. Brokerage, Inc.*, 62 AD3d 745 [2009]; *Santiago v Santana*, 54 AD3d 929, 930 [2008]; *Nurse v Figeroux & Assoc.*, 47 AD3d at 779; *Edwards v Feliz*, 28 AD3d 512, 513 [2006]; *MRI Enters. v Amanat*, 263 AD2d 530, 531 [1999]; *cf. L&L Auto Distribs. & Suppliers Inc. v Auto Collection, Inc.*, 85 AD3d 734, 735-736 [2011]). Moreover, in the mortgage and loan documents, Eagle waived its right to assert defenses or counterclaims in response to any action commenced by Archer to enforce Eagle's obligations thereunder and to recover the debt. Although the appellants' counterclaim alleging fraud survives such a waiver (*see North Fork Bank v Computerized Quality Separation Corp.*, 62 AD3d at 974), that counterclaim was supported only by conclusory allegations against Archer (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *Heffez v L & G Gen. Constr., Inc.*, 56 AD3d 526, 527 [2008]; *Quest Commercial, LLC v Rovner*, 35 AD3d at 577; *Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp.*, 14 AD3d 678, 680 [2005]; *E.D.S. Sec. Sys. v Allyn*, 262 AD2d 351 [1999]). The appellants' specific allegations of fraud were not directed at Archer, but at the appellants' own transactional attorney.

Accordingly, the Supreme Court properly granted those branches of Archer's motion which were for summary judgment on the complaint, for the appointment of a referee to compute the amount due to it, and for leave to seek a deficiency judgment. Balkin, J.P., Chambers, Hall and Austin, JJ., concur.

**[Prior Case History: 2010 NY Slip Op 33226(U).]**