■ U.S. BANK NATIONAL ASSOCIATION, as Trustee under the SECURITIZATION SERVICING AGREEMENT DATED AS OF AUGUST 1, 2005 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HE3, Respondent, v ANTHONY D. DENARO et al., Appellants, et al., Defendants. [950 NYS2d 581]—

In an action, inter alia, to foreclose a mortgage, the defendants Anthony D. Denaro, also known as Anthony Denaro, and Ann Denaro, also known as Anne Marie Denaro, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered April 14, 2011, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against them and granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

"In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (*Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; see *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753-754 [2009]). Here, the defendants Anthony D. Denaro, also known as Anthony Denaro, and Ann Denaro, also known as Anne Marie Denaro (hereinafter together the Denaro defend-

ants) waived any defense based on the plaintiff's alleged lack of standing because they failed to interpose that defense in their answer or amended answer, or in a timely pre-answer motion to dismiss the complaint (*see* CPLR 3211 [e]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 244 [2007]). Accordingly, the Supreme Court properly denied that branch of the Denaro defendants' motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against them.

The plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (*see Archer Capital Fund, L.P. v GEL, LLC*, 95 AD3d 800 [2012]; *Washington Mut. Bank v Valencia*, 92 AD3d 774 [2012]). In opposition, the Denaro defendants failed to raise a triable issue of fact (*see Archer Capital Fund, L.P. v GEL, LLC*, 95 AD3d 800 [2012]; *Washington Mut. Bank, F.A. v O'Connor*, 63 AD3d 832, 833 [2009]).

The Denaro defendants' remaining contentions are either not properly before this Court or without merit (*see Bank of Am. v Faracco*, 89 AD3d 879, 880 [2011]). Rivera, J.P., Florio, Eng and Roman, JJ., concur.