The plaintiffs commenced this action seeking damages for injuries allegedly arising from a slip-and-fall accident. After issue was joined, the defendants SMC Foods, Inc., and RVC Food Management, Inc. (hereinafter together the SMC defendants), served the plaintiffs with various discovery demands and a demand for a bill of particulars. Approximately four months after serving those demands, the SMC defendants moved, inter *704 alia, pursuant to CPLR 3126 for an order of preclusion. The plaintiffs opposed the motion and simultaneously served responses to the SMC defendants’ demands. In an order dated November 30, 2010 (hereinafter the conditional order), the Supreme Court, Nassau County, found that the plaintiffs failed to timely provide the SMC defendants with a proper verified bill of particulars or responses to their combined demands and issued a conditional order of preclusion directing the plaintiffs, within 30 days of the order, to provide certain supplemental responses to the SMC defendants’ demands. The conditional order provided that if the plaintiffs failed to do so, they would be precluded from introducing at trial any evidence that was the subject of the directives in the conditional order.
The plaintiffs did not submit amended or any further supplemental responses before the court-imposed deadline, and did not request an extension of time to do so. Approximately 50 days after the deadline set in the conditional order, the SMC defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, contending that the plaintiffs’ failure to comply with the mandates of the conditional order rendered it absolute, and, thus, the plaintiffs were now precluded from offering evidence needed to maintain their action. The Supreme Court, among other things, conditionally denied that branch of the SMC defendants’ motion, and the SMC defendants appeal from that portion of the order.
“A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order” (Wei Hong Hu v Sadiqi, 83 AD3d 820, 821 [2011]; see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 79 [2010]; Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830 [2008]). “If the party fails to produce the discovery by the specified date, the conditional order becomes absolute” (Wei Hong Hu v Sadiqi, 83 AD3d at 821). Here, the plaintiffs failed to comply with the directives contained in the conditional order in a timely fashion, and the conditional order became absolute (see Gibbs v St. Barnabas Hosp., 16 NY3d at 78; Pugliese v Mondello, 67 AD3d 880 [2009]).
“[T]o obtain relief from the dictates of a conditional order that will preclude a party from submitting evidence in support of a claim or defense, the defaulting party must demonstrate (1) a reasonable excuse for the failure to produce the requested items and (2) the existence of a meritorious claim or defense” (Gibbs v St. Barnabas Hosp., 16 NY3d at 80; see Wei Hong Hu v Sadiqi, 83 AD3d at 821; Nurse v Figeroux & Assoc., 47 AD3d 778 [2008]). Here, the Supreme Court properly concluded that *705 the plaintiffs demonstrated the existence of a potentially meritorious cause of action through, inter alia, the submission of their complaint, which was verified by the injured plaintiff, as well as the submission of certain medical records of the injured plaintiff (see CPLR 105 [u]; Cope v Barakaat, 89 AD3d 670, 672 [2011]; Gibbons v Court Officers’ Benevolent Assn, of Nassau County, 78 AD3d 654 [2010]; Felder v New York City Tr. Auth., 238 AD2d 543 [1997]). Furthermore, the Supreme Court did not improvidently exercise its discretion in concluding that the law office failure of the plaintiffs’ counsel was a reasonable excuse for the plaintiffs’ failure to comply with the directives of the conditional order (see CPLR 2005; Remote Meter Tech, of NY, Inc. v Aris Realty Corp., 83 AD3d 1030, 1032 [2011]; Betty v City of New York, 12 AD3d 472 [2004]).
The parties’ remaining contentions are either without merit or not properly before this Court.
Accordingly, the Supreme Court properly conditionally denied the SMC defendants’ motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. Florio, J.P., Leventhal, Austin and Cohen, JJ., concur.