■ BARRETT HUGHES et al., Appellants, v BROOKLYN SKATING, LLC, et al., Defendants/Third-Party Plaintiffs-Respondents. TRICORP AMUSEMENTS, INC., Third-Party Defendant-Respondent. [991 NYS2d 326]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Ruchelsman, J.), dated June 4, 2012, which denied their motion to restore the action to the active calendar and granted the cross motion of the defendants Brooklyn Skating, LLC, and Empire Roller Rink Center, joined in by the third-party defendant, Tricorp Amusements, Inc., to dismiss the complaint, and (2) so much of an order of the same court dated January 17, 2013, as, in effect, denied that branch of the plaintiffs' motion which was to vacate a conditional order of preclusion of the same court dated April 24, 2009.

Ordered that the order dated June 4, 2012, is affirmed; and it is further,

Ordered that the order dated January 17, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

In this action seeking damages for personal injuries, the Supreme Court issued multiple orders directing the parties to comply with certain discovery demands. On April 24, 2009, a conditional preclusion order directed that discovery be provided within 30 days, or the plaintiffs would be "automatically precluded." The plaintiffs failed to timely comply with this order. On or about December 9, 2009, the action was marked "Other Final Disp. Pre Note." More than two years later, the plaintiffs moved to restore the action to the court's calendar. The court denied the plaintiffs' motion and granted the cross motion of the defendants Brooklyn Skating, LLC, and Empire Roller Rink Center, joined in by the third-party defendant, Tricorp Amusements, Inc. (hereinafter collectively the respondents), to dismiss the complaint. The plaintiffs then moved, inter alia, to vacate the conditional preclusion order, and the Supreme Court denied that branch of the motion.

A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions speci-

fied in the order (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74 [2010]; *Wei Hong Hu v Sadiqi*, 83 AD3d 820, 821 [2011]). As a result of the plaintiffs' failure to timely comply with the conditional order of preclusion, that conditional order became absolute (*see Archer Capital Fund, L.P. v GEL, LLC*, 95 AD3d 800, 801 [2012]; *Keenan v Fiorentino*, 84 AD3d 740 [2011]; *Wei Hong Hu v Sadiqi*, 83 AD3d at 821; *Panagiotou v Samaritan Vil., Inc.*, 66 AD3d 979, 980 [2009]; *Rodriguez v Zeichner*, 50 AD3d 999, 1000 [2008]). To be relieved of the adverse impact of the conditional order of preclusion, the plaintiffs were required to demonstrate a reasonable excuse for their failure to comply with the order and the existence of a potentially meritorious cause of action (*see Keenan v Fiorentino*, 84 AD3d 740 [2011]; *Wei Hong Hu v Sadiqi*, 83 AD3d at 821). The plaintiffs failed to demonstrate either (*see G.D. Van Wagenen Fin. Servs., Inc. v Sichel*, 43 AD3d 1104, 1105 [2007]; *Kumar v Yonkers Contr. Co., Inc.*, 14 AD3d 493, 494 [2005]; *Baturov v Marchewka*, 10 AD3d 345 [2004]). Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was to vacate the conditional preclusion order and properly granted the respondents' cross motion to dismiss the complaint on the ground that the plaintiffs failed to comply with the conditional order of preclusion.

In light of our determination, we need not address the plaintiffs' remaining contention. Mastro, J.P., Lott, Sgroi and LaSalle, JJ., concur.