■ Jocarla Julien-Thomas, Respondent, v Devin J. Platt, Appellant. [20 NYS3d 415]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated October 10, 2014, which denied his motion, in effect, to deem the plaintiff to have waived her right to depose him, or to direct that his deposition be conducted on a date certain.

Ordered that the order is affirmed, with costs.

On August 6, 2011, the plaintiff allegedly was injured when the vehicle she was operating was struck by a vehicle operated by the defendant on the Brooklyn Bridge. The plaintiff commenced this action in April 2012. Issue was joined in June 2012. Thereafter, the defendant was directed to appear for his deposition by a preliminary conference order dated December 18, 2012, and by a compliance conference order dated June 28, 2013. After numerous adjournments of the defendant's duly-scheduled deposition dates, the plaintiff moved, inter alia, pursuant to CPLR 3126 to strike the answer based upon the defendant's repeated failure to appear for his deposition. By order dated February 28, 2014, the Supreme Court, inter alia, directed the defendant to appear for deposition on or before August 1, 2014. The order further provided that if the defendant failed to appear and complete the court-ordered deposition by August 1, 2014, then the defendant would be "precluded from testifying at trial without further court order." After the defendant failed to appear for deposition by August 1, 2014, the plaintiff served and filed a note of issue on August 8, 2014. By notice of motion dated September 25, 2014, the defendant moved, in effect, to deem the plaintiff to have waived her right to depose him, or to direct that his deposition be conducted on a date certain. The court denied his motion.

The order dated February 28, 2014, contained a directive conditionally precluding the defendant from testifying at trial unless he completed his deposition on or before August 1, 2014.

As a result of the defendant's failure to comply with the conditional order of preclusion, that conditional order became absolute (*see Vitolo v Suarez*, 130 AD3d 610, 611 [2015]; *Archer Capital Fund, L.P. v GEL, LLC*, 95 AD3d 800, 801 [2012]; *Keenan v Fiorentino*, 84 AD3d 740 [2011]). To be relieved of the adverse impact of the conditional order of preclusion, the defendant was required to demonstrate a reasonable excuse for his failure to comply with the order and the existence of a potentially meritorious defense (*see Archer Capital Fund, L.P. v GEL, LLC*, 95 AD3d at 801; *Wei Hong Hu v Sadiqi*, 83 AD3d 820, 821 [2011]). The defendant failed to demonstrate a reasonable excuse for his failure to appear for deposition within the five-month time period set forth in the conditional order of preclusion, or for his repeated failure to comply with prior orders directing his deposition and the plaintiff's notice to appear for deposition (*see Ragubir v 44 Ct. St., LLC*, 60 AD3d 833, 834 [2009]; *Clarke v United Parcel Serv.*, 300 AD2d 614, 615 [2002]; *Cenzano v Cenzano*, 250 AD2d 568 [1998]). Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion, in effect, to deem the plaintiff to have waived her right to depose him, or to direct that his deposition be conducted on a date certain. Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.