■ Eunmi Lee, Appellant, v Kevin Michael Barnett et al., Respondents. [22 NYS3d 122]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Taylor, J.), entered October 17, 2014, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them based upon the plaintiff's failure to comply with so much of a prior order of the same court entered April 7, 2014, as precluded her from testifying at trial if she failed to appear for her deposition by a date certain; and (2) a judgment of the same court entered April 8, 2015, dismissing the complaint.

Ordered that the appeal from the order entered October 17, 2014, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law and in the exercise of discretion, without costs or disbursements, the order entered October 17, 2014, is vacated, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them based upon the plaintiff's failure to comply with so much of the order entered April 7, 2014, as precluded her from testifying at trial if she failed to appear for her deposition by a date certain is denied.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

By order entered April 7, 2014, the Supreme Court granted a conditional order, inter alia, precluding the plaintiff from testifying at trial unless she appeared for her deposition by a date certain. It is undisputed that the plaintiff failed to appear for her deposition within the relevant time period. Therefore, the conditional order became absolute, precluding the plaintiff from testifying at trial (*see Archer Capital Fund, L.P. v GEL, LLC*, 95 AD3d 800, 801 [2012]; *Keenan v Fiorentino*, 84 AD3d 740 [2011]; *Wei Hong Hu v Sadiqi*, 83 AD3d 820, 821 [2011]). To avoid the adverse impact of the conditional order of preclusion, the plaintiff was required to demonstrate a reasonable excuse for her failure to comply with the order and a potentially meritorious cause of action (*see Hughes v Brooklyn Skating, LLC*, 120 AD3d 758, 759 [2014]; *Keenan v Fiorentino*, 84 AD3d 740 [2011]; *Wei Hong Hu v Sadiqi*, 83 AD3d at 821). The

plaintiff failed to demonstrate a reasonable excuse for her failure to appear for her deposition (*see Harris v City of New York*, 117 AD3d 790 [2014]; *Almonte v Pichardo*, 105 AD3d 687, 688 [2013]; *Carabello v Luna*, 49 AD3d 679, 680 [2008]) or a potentially meritorious cause of action inasmuch as she failed to submit competent medical evidence demonstrating that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject automobile accident (*see Foster v Dealmaker, SLS, LLC*, 63 AD3d 1640, 1641 [2009]; *Mora v Scarpitta*, 52 AD3d 663 [2008]; *LaMacchia v Rogers*, 8 AD3d 346 [2004]). Therefore, the plaintiff is precluded from testifying at trial.

While a preclusion order may serve as a basis for summary judgment dismissing the complaint, a preclusion order alone does not necessarily compel dismissal (*see Northway Eng'g v Felix Indus.*, 77 NY2d 332, 336 [1991]; *Anderson v RC Dolner, Inc.*, 43 AD3d 837, 838 [2007]; *Ramos v Shendell Realty Group, Inc.*, 8 AD3d 41 [2004]). The defendants demonstrated only that the plaintiff was precluded from testifying at trial. They did not demonstrate that the plaintiff was precluded from offering other evidence with respect to the issue of liability or her injuries. The defendants failed to establish that without the plaintiff's testimony, she would be unable to make out a prima facie case. Thus, under the circumstances of this case, the defendants were granted more relief than warranted (*see Northway Eng'g v Felix Indus.*, 77 NY2d at 337; *Anderson v RC Dolner, Inc.*, 43 AD3d at 838). Accordingly, the defendants were not entitled to summary judgment dismissing the complaint.

It is the obligation of the appellant to assemble a proper record on appeal (*see 425 E. 26th St. Owners Corp. v Beaton*, 128 AD3d 766, 767 [2015]; *Elgart v Berezovsky*, 123 AD3d 970, 971 [2014]; *Green Tree Credit, LLC v Jelks*, 120 AD3d 1300 [2014]). Here, although the plaintiff seeks review of the preclusion order entered April 7, 2014, the record filed by the plaintiff does not contain the relevant papers constituting the motion of the defendant Kevin Michael Barnett, the determination of which was the subject of the preclusion order, or any papers that were submitted in support of and in opposition to that motion or reply papers submitted in connection with the motion. Thus, the record is inadequate to enable this Court to render an informed decision on the merits of the issues relating to the determination in the order of preclusion entered April 7, 2014. Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.