■ MANUEL PATINO et al., Appellants, v CARLYLE THREE, LLC, et al., Respondents. [50 NYS3d 478]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered July 21, 2014, as granted that branch of the defendants' motion which was pursuant to CPLR 3126 to preclude the plaintiffs from offering any testimony or evidence at trial as to any preexisting injuries or conditions of the plaintiff Manuel Patino and conditionally granted that branch of the defendants' motion which was pursuant to CPLR 3126 to preclude the plaintiffs from offering any testimony or evidence at trial concerning mental health information of the plaintiff Manuel Patino or any testimony from his healthcare providers.

Ordered that the order is affirmed insofar as appealed from, with costs.

On December 22, 2009, Manuel Patino (hereinafter the injured plaintiff) allegedly was injured when he slipped and fell on the sidewalk in front of premises owned and managed by the defendants. On August 24, 2010, the injured plaintiff, and his wife suing derivatively, commenced this action. After the plaintiffs failed to respond to the defendants' discovery demand, the defendants moved to compel the plaintiffs, inter alia, to provide authorizations compliant with the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d *et seq.*) and pursuant to *Arons v Jutkowitz* (9 NY3d 393 [2007]). On September 24, 2013, the Supreme Court issued a conditional order of preclusion directing the plaintiffs to provide discovery within 20 days of service of the order, or be precluded from offering any testimony or evidence at trial as to the information not produced. Thereafter, the plaintiffs provided authorizations that failed to designate defense counsel as the person authorized to speak with certain healthcare providers that had rendered care to the injured plaintiff or

permit the release of the injured plaintiff's entire medical record, including mental health information. By letter dated November 14, 2013, the defendants rejected the authorizations, specifying the defects, and requested that the plaintiffs provide new authorizations containing the necessary corrections. When the plaintiffs failed to provide new authorizations, the defendants moved pursuant to CPLR 3126 to preclude the plaintiffs from offering any testimony or evidence at trial as to the information not produced. In opposition, the plaintiffs provided new authorizations that failed to designate defense counsel as the person authorized to speak to the injured plaintiff's healthcare providers or to allow for the release of medical records pertaining to the injured plaintiff's treatment prior to the accident or the injured plaintiff's mental health information.

In an order entered July 21, 2014, the Supreme Court granted that branch of the defendants' motion which was to preclude the plaintiffs from offering any testimony or evidence at trial as to any of the injured plaintiff's preexisting injuries or conditions, and directed the plaintiffs to provide, within 20 days of service of the order, authorizations for the release of the injured plaintiff's mental health information and to designate defense counsel as the person authorized to speak to the injured plaintiff's healthcare providers, or the plaintiffs would be precluded from offering any testimony or evidence at trial concerning the injured plaintiff's mental health or any testimony from his healthcare providers.

A conditional order of preclusion requires a party to provide stated discovery by a date certain, or face the sanctions specified in the order (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74 [2010]; *Hughes v Brooklyn Skating, LLC*, 120 AD3d 758, 758-759 [2014]; *Wei Hong Hu v Sadiqi*, 83 AD3d 820, 821 [2011]). As a result of the plaintiffs' failure to comply with the conditional order of preclusion dated September 24, 2013, that conditional order became absolute (*see Lee v Barnett*, 134 AD3d 908, 910 [2015]; *Archer Capital Fund, L.P. v GEL, LLC*, 95 AD3d 800, 801 [2012]; *Keenan v Fiorentino*, 84 AD3d 740 [2011]). To avoid the adverse impact of the conditional order of preclusion, the plaintiffs were required to demonstrate a reasonable excuse for their failure to comply with the order and a potentially meritorious cause of action (*see Lee v Barnett*, 134 AD3d at 910; *Hughes v Brooklyn Skating, LLC*, 120 AD3d at 759; *Keenan v Fiorentino*, 84 AD3d 740 [2011]). The plaintiffs failed to proffer any excuse for their noncompliance and failed to demonstrate a potentially meritorious cause of action (*see*

*Brownfield v Ferris*, 49 AD3d 790, 791 [2008]; *Allen v Makhnevich*, 15 AD3d 425, 426 [2005]; *Lopez v Tierney & Courtney Overhead Door Sales Co., Inc.*, 8 AD3d 347 [2004]). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was to preclude the plaintiffs from offering any testimony or evidence at trial of the injured plaintiff's preexisting injuries or conditions on the ground that the plaintiffs failed to comply with the conditional order of preclusion dated September 24, 2013.

Furthermore, the Supreme Court providently exercised its discretion in conditionally granting that branch of the defendants' motion which was to preclude the plaintiffs from offering testimony or evidence at trial as to the injured plaintiff's mental health information or testimony from his healthcare providers. A court may, inter alia, issue an order "prohibiting the disobedient party . . . from producing in evidence designated things or items of testimony" as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126 [2]). Before a court invokes the drastic remedy of striking a pleading or the alternative remedy of precluding evidence, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious (*see Harris v City of New York*, 117 AD3d 790 [2014]; *Almonte v Pichardo*, 105 AD3d 687, 688 [2013]; *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 210 [2012]; *Zakhidov v Boulevard Tenants Corp.*, 96 AD3d 737, 739 [2012]). The record demonstrates that the plaintiffs' failure to provide the properly executed medical authorizations was willful and contumacious, and thus, the Supreme Court providently exercised its discretion. Dillon, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.