■ Manuel Patino et al., Appellants, v Carlyle Three, LLC, et al., Respondents. [50 NYS3d 481]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered April 9, 2015, as granted that branch of the defendants' motion which was pursuant to CPLR 3126 to preclude them from offering testimony or evidence at trial concerning mental health information of the plaintiff Manuel Patino.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court issued an order, entered July 21, 2014, inter alia, directing the plaintiffs to provide authorizations compliant with the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d *et seq.*) for the release of the mental health information of the plaintiff Manuel Patino (hereinafter the injured plaintiff) within 20 days of service of the order, or the plaintiffs would be precluded from offering any testimony or evidence at trial concerning the injured plaintiff's mental health. Thereafter, the plaintiffs provided authorizations that failed to permit the release of the injured plaintiff's mental health information. By letter dated August 18, 2014, the defendants rejected the authorizations and requested authorizations in compliance with the order entered July 21, 2014. When the plaintiffs failed to comply, the defendants moved pursuant to CPLR 3126, inter alia, to strike the complaint or, in the alternative, to preclude them from offering testimony or evidence at trial concerning the injured plaintiff's mental health. The Supreme Court granted that branch of the defendants' motion which was to preclude the plaintiffs from offering testimony or evidence at trial concerning the injured plaintiff's mental health.

A conditional order of preclusion requires a party to provide stated discovery by a date certain, or face the sanctions specified in the order (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74 [2010]; *Hughes v Brooklyn Skating, LLC*, 120 AD3d 758, 758-759 [2014]; *Wei Hong Hu v Sadiqi*, 83 AD3d 820, 821 [2011]). As a result of the plaintiffs' failure to comply with the conditional order of preclusion dated July 10, 2014, that conditional order became absolute (*see Lee v Barnett*, 134 AD3d 908, 910 [2015]; *Archer Capital Fund, L.P. v GEL, LLC*, 95 AD3d 800, 801 [2012]; *Keenan v Fiorentino*, 84 AD3d 740 [2011]). To avoid the adverse impact of the conditional order of preclusion, the plaintiffs were required to demonstrate a reasonable excuse for their failure to comply with the order and a potentially meritorious cause of action (*see Lee v Barnett*, 134 AD3d at 910; *Hughes v Brooklyn Skating, LLC*, 120 AD3d at 759; *Keenan v Fiorentino*, 84 AD3d 740 [2011]). Here, the plaintiffs failed to proffer any excuse for their noncompliance and failed to demonstrate a potentially meritorious cause of action (*see Brownfield v Ferris*, 49 AD3d 790, 791 [2008]; *Allen v Makhnevich*, 15 AD3d 425, 426 [2005]; *Lopez v Tierney & Courtney Overhead Door Sales Co., Inc.*, 8 AD3d 347 [2004]). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was pursuant to CPLR 3126 to preclude the plaintiffs from offering testimony or evidence at trial concerning the

injured plaintiff's mental health. Dillon, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.