In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), entered April 27, 2016, as, in effect, granted that branch of the plaintiffs’ motion which was, in effect, to vacate their default in complying with a conditional order of preclusion of the same court (Saitta, J.) dated January 28, 2015, and denied the defendants’ cross motion for summary judgment dismissing the complaint and on their counterclaims.
 

 Ordered that the order entered April 27, 2016, is affirmed insofar as appealed from, with costs.
 

 The plaintiffs commenced this action to recover damages for personal injuries allegedly sustained by the infant plaintiff due to lead paint contamination in their residence. On January 28, 2015, the Supreme Court issued a conditional order of preclusion directing the plaintiffs to supply certain HIPAA-compliant authorizations within 15 days. The plaintiffs provided the authorizations 12 days after the deadline provided by the order. The plaintiffs moved, in effect, inter alia, to vacate their default in complying with the conditional order, and the defendants cross-moved for summary judgment dismissing the complaint and on their counterclaims, based upon the plaintiffs’ failure to comply with the conditional order. The court, in effect, granted that branch of the plaintiffs’ motion and denied the defendants’ cross motion.
 

 To obtain relief from a conditional order of preclusion, the defaulting party must demonstrate a reasonable excuse for the failure to produce the requested items and the existence of a potentially meritorious claim or defense (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010]; Patino v Carlyle Three, LLC, 148 AD3d 1177, 1178 [2017]). Here, the Supreme Court did not improvidently exercise its discretion in concluding that the law office failure of the plaintiffs’ counsel was a reasonable excuse for the plaintiffs’ 12-day delay in complying with the directives of the conditional order (see CPLR 2005; Rothman v Westfield Group, 101 AD3d 703, 705 [2012]). Moreover, the plaintiffs demonstrated the existence of a potentially meritorious cause of action (see Rothman v Westfield Group, 101 AD3d at 705).
 

 Accordingly, that branch of the plaintiffs’ motion which was, in effect, to vacate their default in complying with the conditional order was properly granted, and the defendants’ cross motion was properly denied.
 

 Balkin, J.P., Roman, Sgroi and Duffy, JJ., concur.