Honghui Kuang v MetLife (2018 NY Slip Op 01906)





Honghui Kuang v MetLife


2018 NY Slip Op 01906


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-08777
 (Index No. 13073/13)

[*1]Honghui Kuang, plaintiff/counterclaim defendant-respondent, 
v
MetLife, defendant; Metropolitan Life Insurance Company, counterclaim plaintiff; Hong Xing Yang, et al., additional counterclaim defendants-appellants.


Eric Dinnocenzo, New York, NY, for additional counterclaim defendants-appellants.
Honghui Kuang, Flushing, NY, plaintiff/counterclaim defendant-respondent pro se.



DECISION & ORDER
In an action to recover the proceeds of a life insurance policy, the additional counterclaim defendants appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Queens County (Velasquez, J.), entered July 13, 2016, which, inter alia, granted that branch of their motion which was pursuant to CPLR 3126 to strike the complaint only to the extent of precluding the plaintiff/counterclaim defendant from offering testimony at trial and otherwise denied that branch of the motion.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the motion of the additional counterclaim defendants which was pursuant to CPLR 3126 to strike the complaint only to the extent of precluding the plaintiff/counterclaim defendant from offering testimony at trial and otherwise denied that branch of the motion, and substituting therefor a provision granting that branch of the motion in its entirety; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.
In 2004, Hong Guang Yang (hereinafter the decedent) obtained a life insurance policy from the defendant and counterclaim plaintiff, Metropolitan Life Insurance Company, incorrectly sued herein as MetLife (hereinafter Metropolitan). The decedent designated his then-girlfriend, the plaintiff/counterclaim defendant (hereinafter the plaintiff), as a 50% beneficiary, and his siblings, the additional counterclaim defendants, Hong Xing Yang and Xiao Ming Yang (hereinafter together the Yangs), each as a 25% beneficiary. During the decedent's lifetime, Metropolitan received forms purportedly signed by the decedent, changing the beneficiary designation solely to the plaintiff and giving her ownership of the policy.
In 2011, the decedent was diagnosed with amyotrophic lateral sclerosis. Before he died on April 4, 2013, the decedent sent an affidavit to Metropolitan in which he stated that he never authorized and did not recall making any modifications to his policy, that any documents purporting to modify the policy would have been presented to him in English, which he could not read and of which he had a limited understanding, and that, as a result, any changes were invalid. After the decedent's death, the plaintiff submitted a claim form to Metropolitan for the proceeds of the life [*2]insurance policy. The Yangs also submitted claim forms to Metropolitan for the proceeds of the policy, along with the affidavit of the decedent which had been sent to Metropolitan prior to the decedent's death, and a transcript of an examination under oath taken of the decedent, in which he denied authorizing changes to the policy and indicated his intent that the Yangs receive the entire proceeds of the policy. In light of the adverse claims, Metropolitan determined that it could not make any payment on the policy.
The plaintiff, proceeding pro se, commenced this action against Metropolitan to recover the proceeds of the policy. In its answer, Metropolitan interposed counterclaims against the plaintiff and the Yangs, who were named as additional counterclaim defendants. In answering Metropolitan's counterclaims against them, the Yangs asserted "cross-claims" against the plaintiff based upon their allegations that the plaintiff fraudulently changed the policy and was not entitled to any of the proceeds (hereinafter the cross claims). In their cross claims, the Yangs sought, inter alia, a judgment declaring that they are entitled to the full proceeds of the decedent's life insurance policy and that the plaintiff had no rights to the policy or proceeds, and directing payment of the full policy proceeds to them.
During the course of discovery, in an order entered November 6, 2014, the Supreme Court granted that branch of a motion by the Yangs which was for leave to enter a default judgment against the plaintiff on their cross claims due to the plaintiff's failure to serve an answer to the cross claims as required pursuant to a preliminary conference order. The court ordered that an inquest against the plaintiff on the cross claims would be held simultaneously with the trial on the complaint. In the same order, the court also granted that branch of the Yangs' motion which was to strike the complaint due to the plaintiff's failure to provide complete responses to their document demands only to the extent of precluding the plaintiff from offering testimony at trial if she failed to furnish a complete response to certain demands within 30 days after service of a copy of the order with notice of entry. The Yangs served the plaintiff with a copy of the November 6, 2014, order with notice of entry on November 12, 2014. The plaintiff never supplemented her response to the Yangs' document demands.
Thereafter, in an order entered February 5, 2015, the Supreme Court granted that branch of a motion by the Yangs which was to compel the plaintiff to appear at a deposition. The plaintiff appeared for the deposition on March 5, 2015, but refused to answer many of the questions put to her, yelled at counsel, tore up and refused to return exhibits presented to her, and threatened the Yangs' counsel before eventually walking out of the deposition. The court then issued an order entered July 7, 2015, directing the plaintiff to appear for a second deposition at which the parties were "to exhibit decorum and professional behavior towards each other." The plaintiff appeared for the second deposition but would not answer any questions unless the Yangs' counsel showed proof, including a retainer agreement, that he actually represented the Yangs. While counsel was attempting to reach the court by telephone for guidance, the plaintiff left without having answered any questions. Thereafter, the court issued an order entered October 19, 2015, directing the plaintiff to appear for a third deposition. Despite counsel serving the plaintiff with a copy of the October 19, 2015, order and notice of the deposition and his attempts to confirm same by letter, email, and telephone, the plaintiff failed to appear at the third deposition.
Subsequently, the Yangs moved, inter alia, pursuant to CPLR 3126 to strike the complaint because of the plaintiff's failure to comply with discovery orders. In an order entered July 13, 2016, the Supreme Court, among other things, granted that branch of the Yangs' motion which was to strike the plaintiff's complaint only to the extent of precluding the plaintiff from offering testimony at trial and otherwise denied that branch of the motion. The Yangs appeal.
"Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (Morales v Zherka, 140 AD3d 836, 836-837; see Isaacs v Isaacs, 71 AD3d 951, 952). "Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed" (Lotardo v Lotardo, 31 AD3d 504, 505; see Morales v Zherka, 140 AD3d at 837; Parker Waichman, LLP v Laraia, 131 AD3d 1215, 1216). "Nevertheless, this Court is vested with a corresponding power to substitute its own discretion for [*3]that of the [motion] court'" (Cioffi v S.M. Foods, Inc., 142 AD3d 520, 522, quoting Peculic v Sawicki, 129 AD3d 930, 931; see Lucas v Stam, 147 AD3d 921, 925-926; Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 209-210).
If a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . the court may . . . strik[e] out pleadings . . . or dismiss[ ] the action . . . or render[ ] a judgment by default against the disobedient party" (CPLR 3126[3]). "While actions should be resolved on the merits when possible, a court may strike [a pleading] upon a clear showing that [a party's] failure to comply with a disclosure order was the result of willful and contumacious conduct" (Almonte v Pichardo, 105 AD3d 687, 688; see Harris v City of New York, 117 AD3d 790, 790; Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d at 210; Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 739). "Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply, or a failure to comply with court-ordered discovery over an extended period of time" (Rock City Sound, Inc. v Bashian & Farber, LLP, 83 AD3d 685, 686-687 [internal quotation marks and citations omitted]; see Teitelbaum v Maimonides Med. Ctr., 144 AD3d 1013, 1014; Orgel v Stewart Tit. Ins. Co., 91 AD3d 922, 923).
Here, the remedy of precluding the plaintiff from offering testimony at trial had already been granted in the November 6, 2014, order as a result of the plaintiff's failure to provide complete responses to certain requests set forth in the Yangs' document demands within the time frame provided by the Supreme Court. "A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order" (Wei Hong Hu v Sadiqi, 83 AD3d 820, 821; see Rothman v Westfield Group, 101 AD3d 703, 704). "If the party fails to produce the discovery by the specified date, the conditional order becomes absolute" (Wei Hong Hu v Sadiqi, 83 AD3d at 821; see Rothman v Westfield Group, 101 AD3d at 704).
In this case, the November 6, 2014, order provided that the plaintiff was to supplement her responses within 30 days after service of a copy of that order with notice of entry. According to an affirmation of service, the Yangs served a copy of the November 6, 2014, order with notice of entry upon the plaintiff by regular mail on November 12, 2014. Consequently, the plaintiff had until December 17, 2014, to provide a supplemental response (see CPLR 2103[b][2]). Since the plaintiff never provided a supplemental response, that part of the November 6, 2014, order which precluded her from offering testimony at trial became absolute upon her failure to comply with the directive that she supplement her discovery responses (see Julien-Thomas v Platt, 133 AD3d 824, 825; Wei Hong Hu v Sadiqi, 83 AD3d at 821; see also Rothman v Westfield Group, 101 AD3d at 704). Thus, when the order appealed from was issued, the plaintiff had already been precluded from offering testimony at trial. Consequently, the Supreme Court imposed no additional penalty upon the plaintiff for her ongoing practice of flouting discovery orders.
Given the history of this case and the plaintiff's willful and contumacious conduct in trying to frustrate the discovery process, the Supreme Court improvidently exercised its discretion in not granting that branch of the Yangs' motion which was to strike the plaintiff's complaint (see Lucas v Stam, 147 AD3d at 926; Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d at 210; Orgel v Stewart Tit. Ins. Co., 91 AD3d at 924). The plaintiff repeatedly failed to comply with the court's discovery orders by not providing supplemental responses to certain document demands, refusing to answer questions at the first and second court-ordered depositions, not acting with decorum at the second court-ordered deposition, and failing to appear for a third court-ordered deposition. The plaintiff's excuse that she wanted proof that counsel represented the Yangs before continuing to answer counsel's questions at the first deposition or answering any questions at the second deposition was not reasonable. Similarly, her excuse for failing to appear at the third court-ordered deposition, that she did not receive notice, was not reasonable given all of the means by which counsel communicated the date to her. Consequently, the court should have granted that branch of the Yangs' motion which was to strike the plaintiff's complaint (see Lucas v Stam, 147 AD3d at 926; Apladenaki v Greenpoint Mtge. Funding, Inc., 117 AD3d 976, 977; Orgel v Stewart Tit. Ins. Co., 91 AD3d at 924; Bort v Perper, 82 AD3d 692, 695).
The Yangs' remaining contentions either need not be reached in light of our determination, are without merit, or are not properly before this Court.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court