Liese v Hennessey (2018 NY Slip Op 06087)





Liese v Hennessey


2018 NY Slip Op 06087


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2017-04068
 (Index No. 2499/14)

[*1]Jennifer Liese, appellant, 
v
William Hennessey, et al., respondents.


Sussman and Associates, Goshen, NY (Jonathan R. Goldman and Michael H. Sussman of counsel), for appellant.
Penino & Moynihan, LLP, White Plains, NY (Henry L. Liao of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated February 22, 2017. The order denied the plaintiff's motion, in effect, to vacate her default in complying with a conditional order of preclusion, and for leave to amend her bill of particulars.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion, in effect, to vacate her default in complying with the conditional order of preclusion, and for leave to amend her bill of particulars is granted.
The plaintiff commenced this action against the defendants, inter alia, to recover damages for personal injuries allegedly sustained by her due to exposure to toxic mold and fungi when she was a tenant residing in premises owned by the defendants. On March 31, 2015, counsel for the parties appeared for a compliance conference. During that conference, defense counsel requested additional authorizations to obtain the plaintiff's employment records from 2007 through the date of the conference, since the authorization which had been provided to obtain the plaintiff's employment records from the Newburgh School District (hereinafter the school district), her place of employment during her tenancy, demonstrated that the plaintiff had commenced working for the school district only three months before the alleged exposure to toxic mold and fungi. As a result,
the Supreme Court issued a conditional order of preclusion directing the plaintiff, inter alia, to supply additional authorizations to obtain records from her prior employers within 20 days of the conference or her claim for lost wages would be dismissed. The plaintiff provided the authorizations in May 2015, after the deadline provided by the order.
The plaintiff moved, in effect, to vacate her default in complying with the conditional order and for leave to amend her bill of particulars to allege property damage. The Supreme Court denied the plaintiff's motion, and the plaintiff appeals. We reverse.
"To obtain relief from a conditional order of preclusion, the defaulting party must demonstrate a reasonable excuse for the failure to produce the requested items and the existence of a potentially meritorious claim or defense" (C.C. v Vargas, 153 AD3d 1222, 1222-1223; see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80; Piemonte v JSF Realty, LLC, 140 AD3d 1145, 1146; Vitolo v Suarez, 130 AD3d 610, 611). Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in concluding that the law office failure of the plaintiff's former counsel was not a reasonable excuse for the plaintiff's short delay in complying with the [*2]directives of the conditional order (see C.C. v Vargas, 153 AD3d at 1223; Rothman v Westfield Group, 101 AD3d 703, 705). Moreover, the plaintiff demonstrated the existence of a potentially meritorious cause of action to recover lost wages (see C.C. v Vargas, 153 AD3d at 1223; Richardson v Martorano, 184 AD2d 557, 558).
Further, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend her bill of particulars to allege that she had sustained property damage as a result of her alleged exposure to toxic mold and fungi at the defendants' premises. "Generally, in the absence of prejudice or surprise to the opposing party, leave to amend a bill of particulars should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Rodgers v New York City Tr. Auth., 109 AD3d 535, 536, quoting Delahaye v Saint Anns School, 40 AD3d 679, 684-685; see CPLR 3025[b]; Rocha v GRT Constr. of N.Y., 145 AD3d 926, 928-929; Lynch v Baker, 138 AD3d 695, 697). "Where this standard is met, [t]he sufficiency or underlying merit of the proposed amendment is to be examined no further'" (Lynch v Baker, 138 AD3d at 698, quoting Maldonado v Newport Gardens, Inc., 91 AD3d 731, 732; see Lucido v Mancuso, 49 AD3d 220, 227). Here, the proposed amendment is not palpably insufficient or patently devoid of merit, and there is no evidence that it would prejudice or surprise the defendants, since the proposed amendment arose out of the same facts as those set forth in the complaint (see Rocha v GRT Constr. of N.Y., 145 AD3d at 928-929; see also CPLR 3042[b]).
Accordingly, the Supreme Court should have granted the plaintiff's motion.
RIVERA, J.P., CHAMBERS, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court