C.C. v Vargas (2022 NY Slip Op 00166)





C.C. v Vargas


2022 NY Slip Op 00166


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-09118
 (Index No. 25444/10)

[*1]C.C., etc., et al., respondents,
v
Juan Vargas, et al., appellants.


The Frankel Law Firm, New York, NY (Reuven S. Frankel and Michael Stewart Frankel of counsel), for appellants.
The Rubino Law Firm, Yonkers, NY (JenniElena Rubino of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated June 6, 2019. The order denied the defendants' motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion, in effect, to vacate their default in complying with a conditional order of preclusion of the same court dated June 7, 2018.
ORDERED that the order dated June 6, 2019, is affirmed, with costs.
The plaintiffs commenced this action to recover damages for personal injuries allegedly sustained by the infant plaintiff due to lead paint contamination in their residence. On June 7, 2018, the Supreme Court issued a conditional order of preclusion (hereinafter the conditional order) requiring that the plaintiffs provide certain medical and psychiatric records to the defendants within 45 days, and directing that the deposition of a psychiatrist who treated the infant plaintiff be conducted within the same time period.
During the psychiatrist's deposition, it came to light that some of her handwritten notes regarding her treatment of the plaintiff had not been provided to the defendants. The defendants moved for summary judgment dismissing the complaint on the ground that the failure to provide those records triggered the conditional order, the terms of which would render it impossible for the plaintiffs to establish their cause of action. The plaintiffs opposed the defendants' motion and cross-moved, in effect, to vacate their default in complying with the conditional order. The infant plaintiff's complete psychiatric records were attached as an exhibit to the cross motion. The plaintiffs' cross motion also included an affirmation from Eric B. Bettelheim, the general counsel of the psychiatric clinic where the infant plaintiff had been treated. Bettelheim explained that the psychiatrist's handwritten notes inadvertently had not been produced in advance of her deposition because they had not been transferred to an electronic health record system to which the clinic had transitioned at around the time the infant plaintiff began treatment there.
The Supreme Court denied the defendants' motion and granted the plaintiffs' cross motion. The defendants appeal.
To be relieved of the effect of a conditional order, a defaulting plaintiff must demonstrate a reasonable excuse for the failure to comply with the order and the existence of a potentially meritorious cause of action (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80; Von Maack v Wyckoff Hgts. Med. Ctr., 195 AD3d 769, 771).
In a prior appeal, this Court held that the plaintiffs had demonstrated the existence of a potentially meritorious cause of action (see C.C. v Vargas, 153 AD3d 1222, 1223). Contrary to the defendant's contention, nothing in the recently disclosed records warrants revisiting that conclusion (see Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 152). Moreover, the Supreme Court did not improvidently exercise its discretion in determining that there was a reasonable excuse for the failure to produce the complete set of records before the psychiatrist's deposition testimony (see Burro v Kang, 167 AD3d 694, 699).
Accordingly, the defendants' motion for summary judgment dismissing the complaint was properly denied, and the plaintiffs' cross motion, in effect, to vacate their default in complying with the conditional order was properly granted.
We deny the plaintiffs' request for sanctions against the defendants, as this appeal is not frivolous within the meaning of 22 NYCRR 130-1.1(c).
DILLON, J.P., BARROS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court