Trovato v Galaxy Sanitation Servs. of N.Y., Inc. (2023 NY Slip Op 02348)

Trovato v Galaxy Sanitation Servs. of N.Y., Inc.

2023 NY Slip Op 02348

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-07149
 (Index No. 605704/16)

[*1]Antoinette Trovato, etc., respondent, 
v
Galaxy Sanitation Services of New York, Inc., et al., defendants, Michael Cholowsky, appellant.

Ortoli Rosenstadt, LLP, New York, NY (Marc S. Gottlieb of counsel), for appellant.
LaMonica Herbst & Maniscalco, LLP, Wantagh, NY (David A. Blansky and Wendy J. Rothstein of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and for declaratory relief, the defendant Michael Cholowsky appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered August 20, 2020. The order, insofar as appealed from, granted the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Michael Cholowsky.
ORDERED that the appeal is dismissed, without costs or disbursements.
It is the obligation of the appellant to assemble a proper record on appeal (see Lee v Barnett, 134 AD3d 908, 910; 425 E. 26th St. Owners Corp. v Beaton, 128 AD3d 766, 767). An appellant's record must contain all of the relevant papers that were before the Supreme Court (see CPLR 5526; Aurora Indus., Inc. v Halwani, 102 AD3d 900, 901; Fernald v Vinci, 13 AD3d 333).
Here, the record on appeal is inadequate. The appellant failed to include, among other things, documents that the Supreme Court relied upon in rendering its determination. Accordingly, dismissal of the appeal is the appropriate disposition (see Matter of Progressive Specialty Ins. Co. v Seng Jin Jang, 211 AD3d 736, 736; Reyes v Eleftheria Rest. Corp., 162 AD3d 808, 809).
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court