Torres v Dayton Hudson Corp. (2019 NY Slip Op 02577)





Torres v Dayton Hudson Corp.


2019 NY Slip Op 02577


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-09496
 (Index No. 488/15)

[*1]Jose Joel Rodriguez Torres, appellant,
v
Dayton Hudson Corporation, et al., respondents, et al., defendant.


Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Michael H. Zhu and Brian J. Isaac], of counsel), for appellant.
Simmons Jannace DeLuca, LLP, Hauppauge, NY (Allison C. Liebowitz of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated August 2, 2017. The order granted that branch of the motion of the defendants Dayton Hudson Corporation and Target Corporation which was pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained as a result of falling while on property owned by the defendants Dayton Hudson Corporation and Target Corporation (hereinafter together the Target defendants).
Pursuant to a conditional order of preclusion dated January 30, 2017, the plaintiff was required to provide, within 20 days of the conditional order, various items sought by the Target defendants in discovery, including the specific location of the plaintiff's fall on the sidewalk, driveway, or parking lot owned by the Target defendants. The plaintiff was to appear for a deposition no later than April 18, 2017, or he would "be precluded from offering any testimony [or] evidence at trial."
By notice of motion dated May 12, 2017, the Target defendants moved, inter alia, pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them. The Target defendants contended that the plaintiff had not complied with the conditional order of preclusion and that, as a result, he was precluded from presenting any evidence at trial. In opposition, the plaintiff submitted certain of his discovery responses and contended that the Target defendants' motion was academic in light of those responses. The Supreme Court granted that branch of the Target defendants' motion which was to dismiss the complaint insofar as asserted against them. The court found that the plaintiff had not timely complied with the conditional order of preclusion, that the discovery responses that the plaintiff had provided were incomplete and inadequate, and that the plaintiff's failure to explain his noncompliance demonstrated that such noncompliance was willful. Accordingly, the court found that the conditional order of preclusion had become absolute and that the plaintiff was precluded from offering any testimony or evidence at the trial in support of his causes of action against the Target defendants, and directed dismissal of the complaint insofar as [*2]asserted against those defendants. The plaintiff appeals.
"A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order" (McIntosh v New York City Partnership Dev. Fund Co., Inc., 165 AD3d 1251, 1252 [internal quotation marks omitted]; see Naiman v Fair Trade Acquisition Corp., 152 AD3d 779, 780; Hughes v Brooklyn Skating, LLC, 120 AD3d 758, 758-759). "If the party fails to produce the discovery by the specified date, the conditional order becomes absolute" (McIntosh v New York City Partnership Dev. Fund Co., Inc., 165 AD3d at 1252 [internal quotation marks omitted]; see Hughes v Brooklyn Skating, LLC, 120 AD3d at 759). "To be relieved of the adverse impact of the conditional order of preclusion, a party is required to demonstrate a reasonable excuse for the failure to comply with the order and the existence of a potentially meritorious cause of action" (McIntosh v New York City Partnership Dev. Fund Co., Inc., 165 AD3d at 1252 [internal quotation marks omitted]; see Hughes v Brooklyn Skating, LLC, 120 AD3d at 759). Here, the plaintiff did not provide all of the discovery required, as set forth in the conditional order of preclusion, and he neither offered any excuse for this failure nor demonstrated that he had a potentially meritorious cause of action (see Hughes v Brooklyn Skating, LLC, 120 AD3d at 759).
In sum, based on the plaintiff's failure to comply with the conditional order of preclusion, we agree with the Supreme Court's determination to grant that branch of the Target defendants' motion which was to dismiss the complaint insofar as asserted against them on the basis that under the order of preclusion, the plaintiff was prohibited from offering any evidence at trial (see id.).
The plaintiff's remaining contentions are without merit or not properly before this Court.
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court