■ Robert D. Scholem, Appellant, v Acadia Realty Limited Partnership, Respondent. [42 NYS3d 214]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated August 7, 2014, which denied his motion, inter alia, pursuant to CPLR 3126 to enforce a conditional order dated January 9, 2013, and to strike the defendant's answer.

Ordered that the order dated August 7, 2014, is affirmed, with costs.

The plaintiff commenced this action against the defendant to recover damages for breach of contract. In an order dated January 9, 2013 (hereinafter the conditional order), the Supreme Court granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendant's answer for, among other things, failing to produce witnesses for deposition "unless the defendant produces its witnesses for depositions, which shall be scheduled and conducted within 45 days after service of a copy of this order with notice of entry or any later date to which the parties agree in writing." Pursuant to a so-ordered stipulation dated March 21, 2013 (hereinafter the so-ordered stipulation), the parties agreed that the defendant would produce certain witnesses for deposition on April 1, 2,

and 3, 2013. It is undisputed that the defendant did not produce the witnesses on those dates. As a result, the conditional order became absolute (*see Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827, 830 [2008]; *State Farm Mut. Auto. Ins. Co. v Anikeyeva*, 130 AD3d 1007, 1008 [2015]).

In order to be relieved of the adverse impact of the conditional order, the defendant was required to demonstrate a reasonable excuse for its failure to produce the witnesses for deposition and a potentially meritorious defense (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 80 [2010]; *Estate of Alston v Ramseur*, 124 AD3d 713, 713 [2015]; *Almonte v Pichardo*, 105 AD3d 687, 688 [2013]). The court has discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue (*see Sarcona v J & J Air Container Sta., Inc.*, 111 AD3d 914, 915 [2013]; *Swensen v MV Transp., Inc.*, 89 AD3d 924, 925 [2011]; *Henry v Kuveke*, 9 AD3d 476, 479 [2004]).

Here, in opposition to the plaintiff's motion, inter alia, to enforce the conditional order and strike the defendant's answer, the defendant submitted affidavits which, taken together, set forth a detailed and credible explanation for the failure to produce the witnesses for deposition (*see Blake v United States of Am.*, 109 AD3d 504, 505 [2013]), based on acts of misconduct and deception on the part of the associate attorney handling the matter for the defendant's attorneys (*see Swensen v MV Transp., Inc.*, 89 AD3d at 925; *Gironda v Katzen*, 19 AD3d 644 [2005]). Moreover, the defendant demonstrated the existence of a potentially meritorious defense.

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion. Rivera, J.P., Leventhal, Roman and LaSalle, JJ., concur. ■