Cummings v 8806 Glenwood Rd., LLC (2020 NY Slip Op 07541)





Cummings v 8806 Glenwood Rd., LLC


2020 NY Slip Op 07541


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-04645
 (Index No. 12427/13)

[*1]Patricia Cummings, respondent,
v
8806 Glenwood Road, LLC, etc., et al., appellants, et al., defendants.


Leonard Rodney, Mineola, NY, for appellants.
Law Office of Louis Venezia, P.C., Forest Hills, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants 8806 Glenwood Road, LLC, and Frank Hoffman appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 14, 2019. The order, insofar as appealed from, denied those defendants' motion pursuant to CPLR 3104(d) to review and vacate an order of the same court (Martin Schneier, J.H.O.), dated November 26, 2018, inter alia, striking their answer.
ORDERED that the order dated February 14, 2019, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the defendants 8806 Glenwood Road, LLC, and Frank Hoffman (hereinafter together the defendants), inter alia, to recover damages for breach of contract with respect to a construction/renovation project involving a building in Brooklyn. On December 16, 2016, Hoffman appeared for his deposition but that deposition was not completed. In an order dated April 18, 2018, a Judicial Hearing Officer (hereinafter JHO) directed that once deposition dates were set, the failure to appear by a witness who was being deposed on behalf of a party would result in that party's pleading being stricken upon further motion and order of the court. On June 15, 2018, Hoffman failed to appear for his deposition which was scheduled to be held at the Supreme Court under the JHO's supervision. The plaintiff thereafter moved, inter alia, to enforce the conditional order dated April 18, 2018. In an order dated November 26, 2018, the JHO granted the plaintiff's motion, struck the defendants' answer, and denied the defendants' application for an adjournment. In an order dated February 14, 2019, the Supreme Court, inter alia, denied the defendants' motion pursuant to CPLR 3104(d) to review and vacate the November 26, 2018 order. The defendants appeal.
To successfully oppose the plaintiff's motion to enforce the conditional order striking the defendants' answer, the defendants were required to demonstrate (1) a reasonable excuse for Hoffman's failure to appear at his deposition and (2) the existence of a potentially meritorious defense (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80; Scholem v Acadia Realty L.P., 144 AD3d 1012, 1012-1013; Julien-Thomas v Platt, 133 AD3d 824, 825; Almonte v Pichardo, 105 AD3d 687, [*2]688). Although Hoffman claimed that he could not attend the deposition due to the cancellation of his flight from Chicago the night before, he failed to substantiate that contention (see Matter of Elysia R.M. [Shamaya M.], 161 AD3d 870, 871; Matter of Joshua E. R. [Yolaine R.], 123 AD3d 723, 725; Almonte v Pichardo, 105 AD3d at 688). Additionally, the defendants failed to demonstrate the existence of a potentially meritorious defense to the action.
The defendants' remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion pursuant to CPLR 3104(d) to review and vacate the November 26, 2018 order.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court