ZDG LLC v 310 Group LLC (2021 NY Slip Op 02622)





ZDG LLC v 310 Group LLC


2021 NY Slip Op 02622


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Kapnick, J.P., Moulton, Scarpulla, Mendez, JJ. 


Index No. 656537/16 Appeal No. 13715-13715A Case No. 2019-03798 

[*1]ZDG LLC, Plaintiff-Respondent,
v
310 Group LLC, Defendant-Appellant, Metal Partners Rebar LLC, et al., Defendants.
310 Group LLC, Third-Party Plaintiff-Appellant,
v
PC Structures of NY LLC Doing Business as Paramount Concrete Structures, et al., Third-Party Defendants, TSC 2014, LLC, et al., Third-Party Defendants-Respondents.


Hollander Law Group, PLLC, Great Neck (Michael R. Strauss of counsel), for appellant.
Sheppard, Mullin, Richter & Hampton LLP, New York (Sophia L. Cahill of counsel), for ZDG, LLC, respondent.
Giordano Glaws & Fenstermacher LLP, New York (Charles T. Glaws of counsel), for TSC 2014, LLC, respondent.
Costello, Shea & Gaffney LLP, Rockville Centre (Alan T. Blutman of counsel), for Gary Labovskiy, respondent.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered February 6, 2020, which, to the extent appealed from as limited by the briefs, denied defendant 310 Group LLC's motion for renewal with respect to an order, entered August 12, 2019, sua sponte striking defendant's answer and third-party complaint, unanimously affirmed, without costs. Appeal from August 12, 2019 order, unanimously dismissed, without costs.
The court, which, on its own motion, struck defendant's pleadings in the August 12, 2019 order, following defendant's failure to comply with several earlier orders, including a conditional order, providently exercised its discretion in denying defendant's motion for renewal. The conditional order required defendant to provide responses by certain dates and stated that failure to provide discovery as required "will result" in its answer and third-party complaint being struck. The court struck defendant's pleadings after hearing from the parties on its noncompliance with the conditional order. Defendant did not submit new facts on renewal requiring a different result. Although defendant urged that it was in "substantial compliance" with the deadlines set forth in the conditional order within two months after the deadline, the court acted within its discretion in enforcing the conditional order strictly, in light of the fact that discovery remained outstanding well after the deadline and that defendant did not offer a reasonable excuse for its default in compliance.
We have considered defendant's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021