Fortino v Wheels, Inc. (2022 NY Slip Op 02393)

Fortino v Wheels, Inc.

2022 NY Slip Op 02393

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2019-09453
 (Index No. 707150/18)

[*1]Arcos Campos Fortino, appellant, 
v
Wheels, Inc., et al., respondents.

Wingate, Russotti, Shapiro & Halperin, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Roya Namvar, and Jillian Rosen], of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Paul M. Tarr of counsel), for respondents Wheels, Inc., and Shameza Dowd.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondent Gerald Schneider.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered August 5, 2019. The order granted the separate motions of the defendants Wheels, Inc., and Shameza Dowd, and the defendant Gerald Schneider, in effect, to enforce a conditional order of preclusion of the same court (Joseph J. Esposito, J.) dated February 27, 2019, and, thereupon, for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order entered August 5, 2019, is reversed, on the facts and in the exercise of discretion, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the separate motions of the defendants Wheels, Inc., and Shameza Dowd, and the defendant Gerald Schneider, in effect, to enforce the conditional order of preclusion dated February 27, 2019, and, thereupon, for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
In May 2018, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in two separate accidents, one involving a vehicle owned by the defendant Wheels, Inc., and operated by the defendant Shameza Dowd (hereinafter together the Wheels defendants), and the other involving a vehicle owned and operated by the defendant Gerald Schneider. The Wheels defendants and Schneider separately answered the complaint and served demands for bills of particulars and notices for discovery and inspection.
Pursuant to a preliminary conference order dated September 11, 2018, the plaintiff was directed to provide bills of particulars and to respond to the defendants' discovery demands within 30 days. The plaintiff failed to comply with the preliminary conference order, and on January 2, 2019, the attorney for the Wheels defendants provided discovery to the plaintiff with a cover letter requesting that the plaintiff respond to their demand for a bill of particulars and notice for discovery [*2]and inspection.
Pursuant to a conditional order of preclusion dated February 27, 2019 (hereinafter the conditional order), the plaintiff was directed to comply with the preliminary conference order within 30 days, under threat of preclusion. The plaintiff did not comply with the conditional order, and in April 2019, the Wheels defendants and Schneider separately moved, in effect, to enforce the conditional order and, thereupon, for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff opposed the motions, submitting an affirmation of counsel in which it was contended that the failure to comply with the conditional order was the result of law office failure, and an affidavit of the plaintiff asserting that he had meritorious causes of action against the defendants. The Supreme Court granted the defendants' motions, and the plaintiff appeals.
A conditional order of preclusion requires a party to provide specified discovery by a date certain or face the sanctions specified in the order (see e.g. Torres v Dayton Hudson Corp., 171 AD3d 827, 828). "Where a party fails to comply with the terms of a conditional order prior to the deadline imposed therein, the conditional order becomes absolute" (Goldberg v Breth, 189 AD3d 1368, 1370; see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830). To successfully oppose a motion to enforce a conditional order, "the defaulting party must demonstrate (1) a reasonable excuse for the failure to produce the requested [discovery] and (2) the existence of a meritorious claim or defense" (Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80; see Fiore v Galang, 64 NY2d 999, 1000-1001; Cummings v 8806 Glenwood Rd., LLC, 189 AD3d 1170, 1171; Williams v Davita Healthcare Partners, Inc., 172 AD3d 791, 792; Scholem v Acadia Realty L.P., 144 AD3d 1012, 1013).
"The court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue" (Scholem v Acadia Realty L.P., 144 AD3d at 1013; see Soto v Chelsea W26, LLC, 166 AD3d 1048, 1049). "Conversely, where a claim of law office failure is conclusory and unsubstantiated or lacking in credibility, it should be rejected" (Lefcort v Samowitz, 165 AD3d 772, 773).
Here, in opposition to the defendants' separate motions, inter alia, in effect, to enforce the conditional order, the plaintiff's counsel provided a detailed and credible explanation of the law office error that resulted in the failure to comply with the conditional order (see Burro v Kang, 167 AD3d 694, 699; Scholem v Acadia Realty L.P., 144 AD3d at 1013; Blake v United States of Am., 109 AD3d 504, 505). The plaintiff also demonstrated potentially meritorious causes of action. Accordingly, the Supreme Court should have denied the defendants' separate motions, in effect, to enforce the conditional order and, thereupon, for summary judgment dismissing the complaint insofar as asserted against each of them (see generally C.C. v Vargas, 201 AD3d 699).
IANNACCI, J.P., MILLER, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court