C Castle Group Corp. v Herzfeld & Rubin, P.C. (2022 NY Slip Op 07432)

C Castle Group Corp. v Herzfeld & Rubin, P.C.

2022 NY Slip Op 07432

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-02331 
2021-02332
 (Index No. 703287/20)

[*1]C Castle Group Corp., et al., respondents, 
v
Herzfeld & Rubin, P.C., appellant, et al., defendants.

London Fischer LLP, New York, NY (Jason M. Myers, Thomas A. Leghorn, and Joshua J. Kelly of counsel), for appellant.
The Greenberg Law Firm, LLP, Purchase, NY (Rebecca Greenberg and Bill Greenberg of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for legal malpractice, the defendant Herzfeld & Rubin, P.C., appeals from (1) an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated November 27, 2020, and (2) an order of the same court dated February 24, 2021. The order dated November 27, 2020, granted the plaintiffs' motion for an extension of time to respond to that defendant's notice to admit. The order dated February 24, 2021, granted the plaintiffs' motion to vacate so much of an order of the same court dated January 15, 2019, as conditionally granted that branch of the motion of the defendants Herzfeld & Rubin, P.C., Herbert Rubin, Arthur Strauss, Scott Hur, and Anja Wiesenberg which was pursuant to CPLR 3126 for an order of preclusion.
ORDERED that the orders are affirmed, with one bill of costs.
CPLR 2004 provides: "Except where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." "In exercising its discretion to grant an extension of time pursuant to CPLR 2004, a court may consider such factors as the length of the delay, the reason or excuse for the delay, and any prejudice to the opponent of the motion" (Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963 [internal quotation marks omitted]; see Tewari v Tsoutsouras, 75 NY2d 1, 11-12).
Similarly, to be relieved of the adverse impact of the conditional order, a party must demonstrate "(1) a reasonable excuse for the failure to produce the requested [discovery] and (2) the existence of a meritorious claim or defense" (Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80; see Fortino v Wheels, Inc., 204 AD3d 756, 757-758). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion" (Burro v Kang, 167 AD3d 694, 698 [internal quotation marks omitted]). "The court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue" (Scholem v Acadia Realty L.P., 144 AD3d 1012, 1013).
Here, it is undisputed that the plaintiffs adequately demonstrated the existence of a [*2]potentially meritorious cause of action. Further, the plaintiffs provided a detailed and credible explanation of the law office failure that resulted in their failure to respond to the notice to admit of the defendant Herzfeld & Rubin, P.C., and their failure to comply with so much of an order dated January 15, 2019, as conditionally granted that branch of the motion of the defendants Herzfeld & Rubin, P.C., Herbert Rubin, Arthur Strauss, Scott Hur, and Anja Wiesenberg which was pursuant to CPLR 3126 for an order of preclusion (see Fortino v Wheels, Inc., 204 AD3d at 757-758; Scholem v Acadia Realty L.P., 144 AD3d at 1013). Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiffs' motions to extend their time to respond to the notice to admit and to vacate so much of the order dated January 15, 2019, as conditionally granted that branch of the motion of the defendants Herzfeld & Rubin, P.C., Herbert Rubin, Arthur Strauss, Scott Hur, and Anja Wiesenberg which was pursuant to CPLR 3126 for an order of preclusion.
BRATHWAITE NELSON, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court