Selene Fin., L.P. v Ng (2023 NY Slip Op 03811)

Selene Fin., L.P. v Ng

2023 NY Slip Op 03811

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-02999
 (Index No. 61614/13)

[*1]Selene Finance, L.P., appellant,
v
Jean Ng, etc., respondent, et al., defendants.

McCabe, Weisberg & Conway, LLC, New Rochelle, NY (Jamie C. Krapf of counsel), for appellant.
Scott Lockwood, Deer Park, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated March 28, 2019. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(1) and in the interest of justice to vacate a judgment of the same court entered on June 18, 2018, which is in favor of the defendant Jean Ng and against the plaintiff dismissing the complaint insofar as asserted against that defendant, and to restore the action to the court's calendar.
ORDERED that the order is affirmed, with costs.
In June 2013, the plaintiff's predecessor in interest commenced this action against, among others, the defendant Jean Ng (hereinafter the defendant) to foreclose a mortgage securing certain real property located in Suffolk County. The defendant answered.
The defendant served a demand for discovery in September 2014 and again in November of that year. At a status conference with the parties in March 2018, the Supreme Court issued an order on consent (hereinafter the March 2018 consent order) which, inter alia, directed the defendant to re-serve the discovery demand within 10 days of the conference and required the plaintiff to respond to the discovery demand 30 days thereafter. The March 2018 consent order also provided that either party's failure to comply with the dates set forth therein could result in an order striking the noncompliant party's pleadings. Thereafter, at a conference with the parties on May 1, 2018, counsel for the plaintiff admitted that the plaintiff had failed to respond to the defendant's discovery demand as required by the March 2018 consent order. In a so-ordered transcript dated May 14, 2018 (hereinafter the May 2018 order), the court determined that the plaintiff had failed to comply with the March 2018 consent order.
Thereafter, on June 18, 2018, a judgment was entered in favor of the defendant and against the plaintiff dismissing the complaint insofar as asserted against the defendant. In November 2018, the plaintiff moved pursuant to CPLR 5015(a)(1) and in the interest of justice to vacate the judgment and to restore the action to the court's calendar. In an order dated March 28, 2019, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"'Although the Supreme Court retains the inherent discretionary power to relieve a party from a judgment for sufficient reason and in the interest of substantial justice, this power is not plenary and should only be exercised to grant relief where a judgment was taken through fraud, mistake, inadvertence, surprise, or excusable neglect'" (see Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d 874, 875, quoting Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673, 1674-1675). Here, the plaintiff's contention that the May 2018 order, upon which the judgment was entered, resulted from law office failure by its counsel (see Fortino v Wheels, Inc., 204 AD3d 756, 756-757; Goldberg v Breth, 189 AD3d 1368, 1370) is conclusory and unsubstantiated and does not warrant interest of justice relief.
The plaintiff's remaining contentions are either without merit or not properly before this Court.
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to vacate the judgment and to restore the action to the court's calendar (see HSBC Bank USA, N.A. v Joseph, 209 AD3d 633).
DUFFY, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court