Monge v Bogopa-Manhattan, Inc. (2025 NY Slip Op 04780)

Monge v Bogopa-Manhattan, Inc.

2025 NY Slip Op 04780

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-11078
 (Index No. 519722/17)

[*1]Maria Monge, appellant, 
v
Bogopa-Manhattan, Inc., respondent.

Harmon, Linder, & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Bell Law Group, PLLC, Syosset, NY (Daniel Johnston of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County, dated September 25, 2023. The judgment, upon an order of the same court (Lawrence Knipel, J.), dated August 4, 2021, upon reargument, adhering to so much of a prior determination in an order of the same court dated November 23, 2020, as granted the defendant's motion pursuant to CPLR 3126 for discovery sanctions to the extent of precluding the plaintiff from offering any testimony and medical evidence of injury or on the issue of damages at trial or in response to dispositive motions, and upon an order of the same court (Karen B. Rothenberg, J.) dated June 15, 2023, granting the plaintiff's unopposed motion, in effect, to resettle the order dated August 4, 2021, to the extent of dismissing the complaint, dismissed the complaint.
ORDERED that the judgment is affirmed, with costs.
In October 2017, the plaintiff commenced this action against the defendant to recover damages for personal injuries allegedly sustained when she slipped and fell in the defendant's store. In a "FINAL PRE-NOTE" order dated September 13, 2019, the plaintiff was directed to submit to an independent medical examination (hereinafter IME) by January 12, 2020. After the plaintiff moved to extend the time to file a note of issue, the Supreme Court issued an "Interim" order dated February 19, 2020, directing the plaintiff to submit to an IME by April 30, 2020. In an order dated July 20, 2020 (hereinafter the conditional order of preclusion), the court granted the plaintiff's motion to extend the time to file a note of issue to the extent, among other things, of directing the plaintiff to appear for an IME on or before October 20, 2020. The plaintiff was directed to file the note of issue on or before December 11, 2020. The conditional order of preclusion warned that "[the f]ailure to comply with this order will result in the non-complying party being precluded from offering evidence, without the need for further motion, pursuant to CPLR 3126(2)."
On October 27, 2020, the defendant moved pursuant to CPLR 3126 to strike the complaint or to preclude the plaintiff from offering evidence or testimony at trial for failing to submit to an IME on or before October 20, 2020, in accordance with the conditional order of preclusion. In an order dated November 23, 2020, the Supreme Court granted the defendant's motion to the extent of precluding the plaintiff from offering any testimony and medical evidence of injury or on the issue of damages at trial or in response to dispositive motions. Thereafter, the plaintiff moved [*2]for leave to reargue her opposition to the defendant's motion. By order dated August 4, 2021, the court, upon reargument, adhered to its prior determination in the order dated November 23, 2020. By order dated June 15, 2023, the court granted the plaintiff's unopposed motion, in effect, to resettle the order dated August 4, 2021, to the extent of dismissing the complaint, and a judgment dated September 25, 2023, dismissing the complaint was issued. The plaintiff appeals from the judgment.
Contrary to the plaintiff's contention, the Supreme Court, upon reargument, properly adhered to the prior determination in the order dated November 23, 2020. A conditional order of preclusion requires a party to provide specified discovery by a date certain or face the sanctions specified in the order (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 79; Fortino v Wheels, Inc., 204 AD3d 756, 757). When a litigant fails to comply with the terms of a conditional order of preclusion, the terms of that order become absolute (see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830; Khan v 40 Wall Ltd. Partnership, 205 AD3d 789, 791; Goldberg v Breth, 189 AD3d 1368, 1370). Where the party seeking relief demonstrates noncompliance, the noncompliant party may avoid preclusion by proffering a reasonable excuse for noncompliance and demonstrating the existence of a meritorious claim or defense (see Gibbs v St. Barnabas Hosp., 16 NY3d at 80; Khan v 40 Wall Ltd. Partnership, 205 AD3d at 791; Goldberg v Breth, 189 AD3d at 1370).
Here, the defendant's submissions were sufficient to demonstrate that the plaintiff failed to comply with the conditional order of preclusion and that, upon noncompliance, its terms became absolute (see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d at 830). In opposition, the plaintiff's counsel maintained that the plaintiff did not receive notice of an IME scheduled for October 19, 2020, until October 20, 2020. "'The court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue'" (Fortino v Wheels, Inc., 204 AD3d at 757, quoting Scholem v Acadia Realty L.P., 144 AD3d 1012, 1013). "Conversely, where a claim of law office failure is conclusory and unsubstantiated or lacking in credibility, it should be rejected" (Lefcort v Samowitz, 165 AD3d 772, 773).
Here, in support of the proffered excuse of law office failure, the plaintiff's counsel merely submitted an affirmation in which it was alleged that a notice of the IME was not received until October 20, 2020, one day after the IME scheduled for October 19, 2020. However, no factual detail or affidavit of personal knowledge was submitted explaining that counsel also did not receive the notice of the IME that was faxed by OmniMed Evaluation Services on behalf of the defendant to counsel on October 14, 2020. Moreover, the plaintiff did not refute that she also had failed to appear for multiple scheduled IMEs, including one scheduled for September 8, 2020. Accordingly, the Supreme Court providently exercised its discretion in determining that the conclusory and unsubstantiated assertion of the plaintiff's counsel did not constitute a reasonable excuse for the plaintiff's failure to submit to an IME by October 20, 2020, and, upon reargument, in adhering to the prior determination in the order dated November 23, 2020, precluding the plaintiff from offering any testimony or medical evidence of injury or on the issue of damages at trial or in response to dispositive motions.
The plaintiff's contention that the Supreme Court, upon reargument, should have denied the defendant's motion because the defendant failed to submit a sufficient good-faith affirmation in support of its motion is improperly raised for the first time on appeal (see Pastore v Utilimaster Corp., 165 AD3d 685, 687; DePompo v Waldbaums Supermarket, 267 AD2d 422, 422).
The plaintiff's remaining contention is without merit.
MILLER, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court