## Cardona v E.E. Cruz & Co., Inc.

### 2026 NY Slip Op 30852(U)

### March 6, 2026

### Supreme Court, New York County

### Docket Number: Index No. 152037/2020

### Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:      **HON. RICHARD TSAI**                          PART                  21

*Justice*

-----------------------------------------------------------------------------X

SAUL CARDONA,

                           Plaintiff,

                       - v -

E.E. CRUZ & COMPANY, INC., METROPOLITAN
TRANSPORTATION AUTHORITY, NEW YORK CITY
TRANSIT AUTHORITY, CITY OF NEW YORK and
ALLSTARS SECURITY & PROTECTIVE SERVICES, INC,

                          Defendants.

-----------------------------------------------------------------------------X

E.E. CRUZ & COMPANY, INC., METROPOLITAN
TRANSPORTATION AUTHORITY and NEW YORK CITY
TRANSIT AUTHORITY,

                    Third-Party Plaintiffs,

                -against-

ALLSTARS SECURITY & PROTECTIVE SERVICES, INC,

                    Third-Party Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152037/2020 |
| MOTION DATE | 08/09/2025 |
| MOTION SEQ. NO. | 007 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595758/2022

The following e-filed documents, listed by NYSCEF document number (Motion 007) 165-185, 212-214, 247-250

were read on this motion to/for           VACATE - DECISION/ORDER/JUDGMENT/AWARD.

      Upon the foregoing documents, it is hereby **ORDERED** that the motion by defendants E.E. Cruz & Company, Inc., Metropolitan Transportation Authority and New York City Transit Authority (the E.E. Cruz Defendants) "for an Order Vacating the Court's Order of July 24, 2025 granting Plaintiff's Motion to Strike or Preclude" (notice of motion [NYSCEF Doc. No. 165]) is **DENIED**.

      As the parties are aware, this court issued a conditional order of preclusion against E.E. Cruz Defendants, dated March 26, 2025, which required that:

> "within ninety (90) days of being served with a copy of this decision and order with notice of entry defendants E.E. Cruz & Company, Inc., Metropolitan Transportation Authority and New York City Transportation Authority (collectively, the E.E. Cruz Defendants) shall provide responsive

**152037/2020   CARDONA, SAUL vs. E.E. CRUZ & COMPANY, INC.**
**Motion No.  007**

Page 1 of 5

[* 1]

documents to plaintiff's October 11, 2024 deficiency letter (plaintiff's exhibit 9 [NYSCEF Doc. No. 147]), which responsive documents shall include an affidavit (or affidavits) of search by an individual (or individuals) with knowledge in accordance with *Jackson v City of New York* (185 AD2d 768, 770 [1st Dept 1992])" (Seq. No. 006 Decision and Order [NYSCEF Doc. No. 156] at 5).

That order made clear that "if E.E. Cruz Defendants do not timely provide such responses, then the E.E. Cruz Defendants shall be precluded from offering any evidence as to either liability or damages with respect to plaintiff's claims, either on a dispositive motion or at the time of trial" (*id*.).

In explaining the rationale for a conditional order of preclusion, this court acknowledged that Cruz provided "eleven (11) documents, totaling 2,771 pages" on November 25, 2024 pursuant to item 2 of the October 10, 2024 status conference order, but that the E.E. Cruz Defendants had failed to provide an affidavit of search in accordance with *Jackson v City of New York* (185 AD2d 768, 770 [1st Dept 1992]) (id. at 3). Thus, there was no dispute that E.E. Cruz Defendants "have not complied with this court's status conference order of October 10, 2024" (*id*.). Further, the court noted that there was no dispute that the E.E. Cruz Defendants failed to comply with the two prior court orders of June 3, 2024 and August 15, 2024 (*id*.). As such, the court found that "that the E.E. Cruz Defendants have 'exhibited a continued pattern of noncompliance' which establishes willfulness" (*id*. at 4 [quoting *Continental Indus. Group, Inc. v Ustuntas*, 173 AD3d 419, 420 [1st Dept 2019]).

The court further noted that the "E.E. Cruz Defendants have not submitted opposition papers disputing plaintiff's assertions as to their non-compliance or otherwise attempting to provide some explanation for their non-compliance" (*id*. at 4).

When the parties appeared for a status conference before this court on July 24, 2025, it was brought to the court's attention that there was a dispute concerning whether E.E. Cruz Defendants had complied with this court's Seq. No. 006 Decision and Order. After reviewing the subject *Jackson* affidavits, the court ruled that the E.E. Cruz Defendants had failed to comply with the conditional order of preclusion and were thus precluded from "from offering any evidence as to either liability or damages with respect to plaintiff's claims, either on a dispositive motion or at the time of trial" (status conference order of July 24, 2025 [NYSCEF Doc. No. 162] at 1). The court explained its reasoning as follows:

"'Conditional orders become 'absolute' upon failure to fully comply therewith' (*Citizen Watch Co. of Am., Inc. v Zapco 1500 Inv., L.P.*, 216 AD3d 562, 562 [1st Dept 2023]).

Here, the court agrees with plaintiff that the affidavits from Anerella and Patel were not in accordance with *Jackson v City of New York* (185 AD2d 768, 770 [1st Dept 1992]). *Jackson* requires an affiant to state, "where the

subject records were likely to be kept, what efforts, if any, were made to preserve them, whether such records were routinely destroyed, or whether a search had been conducted in every location where the records were likely to be found" (*id*. at 770).

Anerella's affidavit conclusorily states, "E.E. CRUZ's employees searched every location where responsive records were likely to be found" (Anerella aff ¶ 9 [NYSCEF Doc. No. 159). Anerella's affidavit is not based on personal knowledge. Neither does she identify where the records demanded were likely to be kept, or what efforts, if any, were made to preserve them or whether such records were routinely destroyed.

Patel's affidavit states, "I have searched MTA's databases and in good faith for additional documents responsive to Plaintiff's discovery demands," and "TRANSIT DEFENDANTS are not in possession of additional documents responsive to Plaintiff's discovery demands." Like Anerella's affidavit, Patel does not identify where the records demanded were likely to be kept. Patel states only that they searched "MTA's databases." However, the New York City Transit Authority (NYCTA) is also a named defendant, and there is no mention of a search conducted of the NYCTA's records. Neither does Patel indicate what efforts, if any, were made to preserve them or whether such records were routinely destroyed.

Thus, Anerella's and Patel's affidavits did not comply with the conditional order of preclusion (*see 1591 Second Ave. LLC v Metropolitan Transp. Auth.*, 220 AD3d 401, 401 [1st Dept 2023] [Supreme providently exercised its discretion in granting plaintiffs' motion to strike defendants' answer due to affidavits that did not comply with the standards of Jackson]).

The E.E. Cruz defendants argue that preclusion should not be granted because there was substantial compliance with the conditional order--i.e., documents were previously turned over, and affidavits could be supplemented. However, substantial compliance with a conditional order is not a defense to the self-executing order.

To obtain relief from the dictates of a conditional order that will preclude a party from submitting evidence in support of a claim or defense, the defaulting party must demonstrate (1) a reasonable excuse for the failure to comply with the conditional order, and (2) the existence of a meritorious claim or defense' (*Gibbs v St. Barnabas Hosp*., 16 NY3d 74, 80 [2010]; *Scholem v Acadia Realty Ltd. Partnership*, 144 AD3d 1012, 1013 [2d Dept 2016]). Neither was shown here" (status conference order of July 24, 2025 at 2).

152037/2020  CARDONA, SAUL vs. E.E. CRUZ & COMPANY, INC.
Motion No. 007

Page 3 of 5

3 of 5

On this motion, the E.E. Cruz Defendants argue that it was improper for this court to issue its status conference order of July 24, 2025 because, in their view, it disproportionately punished them when they substantially complied with Seq. No. 006 Decision and Order, which conditionally precluded E.E. Cruz Defendants "from offering any evidence as to either liability or damages with respect to plaintiff's claims, either on a dispositive motion or at the time of trial" if they did not comply with the order (status conference order of July 24, 2025 [NYSCEF Doc. No. 162] at 1).

However, as the court explained in the status conference order of July 24, 2025, "substantial compliance with a conditional order is not a defense to the self-executing order" (*id.* at 2) (*see ZDG LLC v 310 Group LLC*, 193 AD3d 668 [1st Dept 2021] ["Although defendant urged that it was in "substantial compliance" with the deadlines set forth in the conditional order within two months after the deadline, the court acted within its discretion in enforcing the conditional order strictly"]).

The E.E. Cruz Defendants themselves concede on this motion that they had not submitted any opposition papers to the motion which resulted in the issuance of the conditional order (*see* affirmation of counsel ¶ 22 ["MTA did not oppose the motion"]). Thus, to the extent that the E.E. Cruz Defendants imply that this court had overlooked the *Jackson* affidavit of Bhanu Patel when it issued the order dated March 26, 2025 (*see* affirmation of counsel ¶ 4 [NYSCEF Doc 167]), nothing was overlooked because the E.E. Cruz Defendants had not submitted any opposition.

While the E.E. Cruz Defendants argue that they have "not behaved willfully, contumaciously, or in bad faith" (affirmation in support of motion [NYCEF Doc. No. 167] at 16), the time to have made this argument would have been in opposition to plaintiff's motion for discovery sanctions (Motion Seq. No. 006), which resulted in the court's conditional order of preclusion, dated March 26, 2025.  When the issue of the E.E. Cruz Defendants' compliance with the conditional order of preclusion was presented to the court at the status conference order of July 24, 2025, it was no longer appropriate for the court to "consider[] prejudice and willfulness (*630 W. 52nd LLC v Fresh Inventory Services, LLC*, 234 AD3d 403, 403 [1st Dept 2025]).  To the extent that E.E. Cruz Defendants seek to reargue plaintiff's motion for discovery sanctions (Motion Seq. No. 006)—which, again, they failed to oppose—the court sees no reason depart from its finding that that "that the E.E. Cruz Defendants have 'exhibited a continued pattern of noncompliance' which establishes willfulness" (*id.* at 4 [quoting *Continental Indus. Group, Inc.*, 173 AD3d at 420).

Rather, as the court also explained in the status conference order of July 24, 2025, to obtain relief from the consequence of not complying with the subject conditional order of preclusion, it was necessary for the E.E. Cruz Defendants to "demonstrate (1) a reasonable excuse for the failure to comply with the conditional order, and (2) the existence of a meritorious claim or defense" (*id.*).  On this motion,  the E.E. Cruz Defendants claim that they have a reasonable excuse for their noncompliance in that they "MTA believed it was fully in compliance with the court's

**152037/2020   CARDONA, SAUL vs. E.E. CRUZ & COMPANY, INC.**
**Motion No.  007**

**Page 4 of 5**

4 of 5

conditional order of March 26, 2025, see above, constituting reasonable excuse" (affirmation in support of motion [NYCEF Doc. No. 167] at 21).

Such excuse is not reasonable. Notably, days after the E.E. Cruz Defendants provided the respective *Jackson* affidavits to plaintiff, plaintiff informed the E.E. Cruz Defendants that the respective *Jackson* affidavits did not comply with the requirements of *Jackson v City of New York* (185 AD2d 768, 770 [1st Dept 1992]) (see exhibit 1 in opposition to motion [NYSCEF Doc. No. 213], plaintiff's February 21, 2025 email rejecting Jackson affidavit; plaintiff's deficiency letter of April 28, 2025 [NYSCEF Doc. No. 161] at 1). Rather than attempting to correct or supplement any alleged deficiencies of the affidavits, the E.E. Cruz Defendants chose to double down on their belief that the affidavits were sufficient.

Even if this court were to find that the E.E. Cruz Defendants' belief that the affidavits were sufficient constituted a reasonable excuse, they have failed to offer a potentially meritorious defense. The E.E. Cruz Defendants assert that the jackhammer that allegedly fell on plaintiff while he was working in a trench was knocked into the trench by a "phantom street sweeper employed or otherwise controlled by co-defendant CITY" (affirmation in support of motion at 21). However, as plaintiff points out in his opposition papers, the fact that another entity caused the jackhammer to strike plaintiff would not absolve the E.E. Cruz Defendants of liability under Labor Law 240 (1), if the jackhammer "required securing for the purposes of the undertaking" (*Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d 658, 662 [2014]).

Therefore, the E.E. Cruz Defendants' motion "for an Order Vacating the Court's Order of July 24, 2025 granting Plaintiff's Motion to Strike or Preclude" (notice of motion [NYSCEF Doc. No. 165]) is denied.

**ENTER**:

20260306134922RTSAI8418A4F6CBE6424A9DD859CA3364C865

**3/6/2026**
**DATE**

**RICHARD TSAI, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

152037/2020  CARDONA, SAUL vs. E.E. CRUZ & COMPANY, INC.
Motion No. 007

Page 5 of 5